IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CELIA HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1099-K |
| | § | ECF |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b). This is an appeal from the decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") denying the claim of Shirley Logan ("Logan" or "Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Court considered "Plaintiff's Brief on Appeal," filed June 22, 2005, and "Defendant's Brief," filed September 22, 2005. For the reasons stated below, the final decision of the Commissioner should be affirmed.

**BACKGROUND**

Plaintiff Celia Hernandez was born on January 20, 1950. Tr. at 55. Plaintiff has a high school education. *Id.* at 281. Plaintiff testified that she was last employed as an assembler making oil fuel products. *Id.* Plaintiff testified that she was laid off on July 20, 2002 due to a conflict with one of her co-workers. *Id.* at 281, 283. Plaintiff filed an application for Disability Insurance Benefits ("DIB") on June 19, 2003 alleging she has been disabled since July 7, 2002 due to high blood pressure, anxiety, stress, and inflamation of shoulders, elbows, and joints. *Id.* at 55, 81.

Plaintiff had a hearing before Administrative Law Judge William Helsper (the "ALJ") on December 21, 2004. *Id*. at 278. Although ALJ Helsper informed Plaintiff of her right to representation, Plaintiff waived that right and elected to represent herself. *Id*. at 12. Vocational Expert Barbara Dunlap (the "VE") testified. *Id*. at 295. Plaintiff's husband, Fernando Hernandez also testified. *Id*. at 297-02. The ALJ issued a decision on January 12, 2005 determining that Plaintiff can return to her past relevant work. *Id*. at 12-16. On March 31, 2005, the Appeals Council denied her request for review thereby making the ALJ's January 12, 2005 decision the final decision of the Commissioner. *Id*. at 4-6. Plaintiff filed this action in the District Court on May 27, 2005.

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether the decision is supported by substantial evidence, and (2) whether the proper legal standards were applied to evaluate the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (footnotes omitted).

It is not the place of this Court to "reweigh the evidence or try the issues *de novo* or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez*, 64 F.3d at 173. Substantial evidence is that which a reasonable mind might accept to support a conclusion.

2

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). It is "more than a mere scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). In order to make a finding of no substantial evidence, the court must determine that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973)). Even if the Court determines that the evidence preponderates in Plaintiff's favor, the Court must still affirm the Commissioner's finding if there is substantial evidence to support those findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The resolution of conflicting evidence is for the Commissioner and not this Court. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

In determining whether a claimant is disabled, the Commissioner uses a five-step sequential inquiry. *Leggett*, 67 F.3d at 563; *Martinez*, 64 F.3d at 173-74. The Commissioner must consider whether: (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a mental or physical impairment; (3) the claimant's impairment meets or equals an impairment listed in Appendix 1, Subpart P, Regulation No. 4; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform other work that exists in significant numbers in the national economy. *Leggett*, 67 F.3d at 563 n.2; *Martinez*, 64 F.3d at 173-74. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). At step five, once the Commissioner shows that other jobs are available to the claimant, the burden shifts to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

For purposes of social security cases, "disability" means an inability to engage in substantial

gainful activity because of a medically determinable mental or physical impairment or combination of impairments that could be expected to either last for a continuous period of not less than 12 months or to result in death. *See* 42 U.S.C. § 423(d)(1)(A). In order to establish disability, the record must show that the limitations imposed by Plaintiff's conditions prevent her from engaging in any substantial gainful activity. *See Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).

When reviewing a decision of "not disabled," the Court's function is to determine whether the record as a whole contains substantial evidence that supports the final decision of the Commissioner, as the trier of fact. *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989); *Kane*, 731 F.2d at 1219. Four elements of proof should be weighed to determine if there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of examining and treating physicians; (3) Plaintiff's subjective evidence of pain and disability; and (4) age, education, and work history. *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). The ALJ must develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). If the ALJ fails to do this, the decision is not substantially justified. *Id*. Nevertheless, the ALJ's decision should be reversed only if Plaintiff shows that he was prejudiced. *Id*. A procedurally imperfect administrative ruling should not be overturned unless the substantive rights of a party have been prejudiced. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); *Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. 1997).

## ANALYSIS

Plaintiff contends that the Commissioner's decision was not supported by substantial evidence and that the proper legal standards were not applied. Pl.'s Br. at 7. Plaintiff objects to the Commissioner's decision on four grounds. Plaintiff contends that: (1) the ALJ's unfavorable

4

decision was in error of law because there was no valid waiver of counsel; (2) the ALJ's finding that Plaintiff retained the residual functional capacity ("RFC") for light work was erroneous; (3) the ALJ improperly found that Plaintiff could perform past relevant work because of unreliable VE testimony; and (4) the ALJ's decision was not supported by substantial evidence because he did not ask a hypothetical question to the VE. *Id.* at 7, 10, 13, 15.

### Plaintiff's Waiver of Her Right to Counsel

Plaintiff contends that her waiver of counsel was not valid. Pl.'s Br. at 7. Plaintiff contends that although the ALJ did give notice to Plaintiff regarding her right to counsel, he did not fully explain all of the details regarding her right. *Id*. at 10. Plaintiff contends that "[t]o ensure a valid waiver of counsel at a Social Security disability hearing, it is a longstanding rule of law that the ALJ must give the following notifications to the claimant, '(1) the manner in which an attorney can aide in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation of attorney fees to twenty-five percent of the past due benefits and the required court approval of the fees.'" *Id*. at 7 (quoting *Gullet v. Chater*, 973 F. Supp. 614, 620 (E.D. Tex. 1997) (citing *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981)). However, in the case at hand, Plaintiff contends that the ALJ informed Plaintiff of her right to be represented, but failed to inform her of the other two prongs of the above mentioned test. Pl.'s Br. at 9.

The Commissioner concedes that he has the duty to inform Plaintiff of the availability of counsel and that counsel may be available free of charge. Def.'s Br. at 4. However, the Commissioner asserts that he met this duty by sending Plaintiff written notice advising her of the availability of free legal representation and reminding Plaintiff of her right to counsel at her hearing. *Id*. The record indicates that Plaintiff received numerous notices advising her of the availability of

5

free or reduced cost representation. Tr. at 19, 21, 24, 31. The Commissioner's September 22, 2003 letter to Plaintiff regarding her denial of her social security claim states:

> IF YOU WANT HELP WITH YOUR APPEAL
>
> You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.
>
> If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due Social Security benefits to pay toward the fee.

*Id*. at 31. The Commissioner's December 22, 2003 letter to Plaintiff denying her request for reconsideration states:

> If you believe that the reconsideration determination is not correct, you may request a hearing before an administrative law judge of the Office of Hearing and Appeals. . . .You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security Office has a list of groups that can help you with your appeal.
>
> If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

*Id*. at 24. The Commissioner's January 22, 2004 letter to Plaintiff regarding her hearing before an ALJ states:

> **Your Right to Representation**
>
> You may choose to be represented by a lawyer or other person. A representative can help you get evidence, prepare for the hearing, and present your case at the hearing. If you decide to have a representative, you should find one immediately so that he or she can start preparing your case.
>
> Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or

receive any fee unless we approve it.

We have enclosed the leaflet "Social Security and Your Right to Representation." We are also enclosing a list of groups that can help you find a representative.

If you get a representative, you or that person should call us to give us his or her name, address and telephone number. You also will need to complete our Form SSA 1696-U4 Appointment of Representative. Any local Social Security office can give you this form.

Tr. at 19-20. The attachment to the Commissioner's letter to Plaintiff regarding her hearing before an ALJ listed the contact information for a number of organizations that provide free legal representation. *Id*. at 21. The Fifth Circuit in *Castillo v. Barnhart* stated:

> Castillo acknowledges that she was told that she could be represented during the proceedings below, but she asserts that she was not adequately informed of relevant facts related to obtaining a representative. . . . We conclude that the numerous written notices Castillo received-along with the ALJ's reminder to Castillo at the hearing of her right to counsel-sufficiently informed her of her right to an attorney, and that she validly consented to proceed without representation.
>
> The facts here are far different from those presented in *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981), upon which appellant relies. In that case we held that a benefits claimant had received insufficient notice of her right to counsel because she received only one written notice, which omitted any mention that she could qualify for free representation and, in fact, suggested by its tone that "any representative whom the claimant" might seek had the right "to demand a fee for these services." *Id*. at 403. The failure of the notice to suggest that the claimant could have received free representation was highlighted at the hearing, when the claimant admitted that she had not sought the services of an attorney because "I don't have any money to get one." *Id*. In contrast, prior to Castillo's hearing, she was informed several times that she might qualify for free representation, and was presented with a lengthy list of organizations in her area that she could contact to pursue this avenue.

*Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003). Similarly to the facts in *Castillo*, through the above mentioned written notices, the Commissioner (1) informed Plaintiff of how an attorney can help her in her case, (2) the possibility of free legal counsel or a contingency arrangements with an attorney, and (3) the limitation of attorney fees to twenty-five percent of the past due benefits and

7

the required court approval of the fees. *See Gullet*, 973 F. Supp. at 620. Furthermore, the ALJ in this case reminded Plaintiff of her right to counsel at her hearing. Tr. at 280. Therefore, Plaintiff validly consented to proceed without representation, and the ALJ's decision should not be reversed on this basis.

## **Residual Functional Capacity**

The ALJ found that Plaintiff had the RFC to perform light work and that Plaintiff's impairments did not prevent Plaintiff from performing past relevant work. Tr. at 16. Plaintiff contends the ALJ lacked substantial evidence for finding that Plaintiff could perform her past relevant work. Pl.'s Br. at 15. First, Plaintiff asserts that the ALJ erroneously relied on the state agency medical examiner's opinion because it was based on evidence found before September 19, 2003. *Id*. at 13-14. Plaintiff also maintains that the ALJ incorrectly found no credible medical evidence to contradict the state agency medical doctor's opinion of Plaintiff's capacity for light work. *Id*. at 14-15. Plaintiff finally contends that the ALJ incorrectly found Plaintiff negative for arthritis. *Id*. Therefore, Plaintiff asserts that the ALJ's Step 4 finding was not supported by substantial evidence. *Id*. at 15.

The ALJ relied on the opinion of the state agency medical examiner in his decision because the medical evidence was consistent with the state agency physician's opinion that Plaintiff was capable of light work. *Id*. at 14-15. First, no physician who examined Plaintiff pronounced her disabled. *See Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989) (finding substantial evidence supported ALJ's decision that claimant's subjective complaints of pain were not credible when no physician stated that claimant was disabled). For example, Thuan Vu, M.D., did not find Plaintiff was unable to work even though he noted significant tenderness in the joints of Plaintiff's hands and

8

feet and in the muscles of Plaintiff's left trapezius area in 2004. Tr. at 176, 179. In fact, after Plaintiff's first examination with Dr. Vu, Plaintiff demonstrated improved quality of movement, "increased strength and lumbar stabilization, decreased frequency of headaches and improved tolerance to normal daily activities" after two months of physical therapy. *Id.* at 239. Further, although Plaintiff and her husband alleged Plaintiff's very limited activity level at the hearing, Plaintiff's husband stated that she could perform household chores like cooking and vacuuming. *Id.* at 299-300. *See Vaughan v. Shalala*, 58 F.3d 129 (5th Cir. 1995) (finding ability to perform household chores supported ALJ's verdict of not disabled). *See also Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990) (per curiam) (considering the claimant's daily activities is appropriate for the court when deciding the claimant's disability status). The ALJ concluded that the Plaintiff and her husband's testimony concerning the Plaintiff's pain and functional limitations was not reasonably supported by the medical evidence. Tr. at 15. Therefore, the ALJ did not erroneously rely on the state agency medical examiner's opinions because they were consistent with all of the Plaintiff's medical evidence. *Id.* at 14-15.

Plaintiff also maintains that the ALJ incorrectly found no credible medical evidence to contradict the state agency medical doctor's opinion. Pl.'s Br. at 14, 15. Specifically Plaintiff contends that the ALJ misstated findings of no significant abnormality from her November 2003 lumbar spine magnetic resonance imaging scan ("MRI"). *Id.* The ALJ correctly stated that the MRI scan showed a disc protrusion at the L4-5 level but no associated neurological involvement. Tr. at 14, 144, 205. Sid Pruitt, M.D., found no significant abnormality in the Plaintiff's lumbar spine from the MRI scan. *Id.* at 144, 205. Although the MRI scan showed disc herniations at L4-5 and L2-3, Plaintiff's treating physician Steve Johnson, M.D., never reported any neurological abnormality in

9

Plaintiff's spine. *Id.* at 144, 205, 216. In fact, Dr. Johnson suggested that Plaintiff try physical therapy, a condition program, and then a work hardening program before filing for disability. *Id.* at 217. Further, "[t]he opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). Thus, there is substantial evidence to support the ALJ's findings that contradicts Plaintiff's contention of misstatement of the medical evidence.

Plaintiff finally contends that the ALJ failed to mention her elevated CRP test results which is significant because it is diagnostic of rheumatoid arthritis. Pl.'s Br. at 14. Procedural perfection is not required and the court will not vacate a judgment where prejudice is not demonstrated. *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) ("The appellant said he was in pain, there is substantial evidence to believe that he is not, and the ALJ resolved these inconsistencies by disbelieving the appellant."). The plaintiff was not prejudiced by the ALJ's failure to discuss the CRP test results. In fact, the closest plaintiff had been diagnosed with any kind of arthritis was from the x-rays taken on Plaintiff's hands and feet on May 19, 2004. Tr. at 170-73. However, these x-rays only showed results of mild osteoarthritis. *Id.* at 159-62, 170-73. Moreover, there is no objective medical evidence that documents any limitation for the Plaintiff due to arthritis or back impairment and significantly, as discussed above, no physician has stated that Hernandez was unable to work. *Harper*, 887 F.2d at 97. Therefore there is substantial evidence in the record to support the ALJ's step 4 finding and the ALJ's decision should not be reversed on this basis.

### VE's Testimony

The ALJ concluded that Plaintiff retained the ability to perform her past work as an

explosives assembler based on the VE's testimony. Pl.'s Br. at 11 (citing Tr. at 15). Plaintiff contends this finding is not supported by substantial evidence because it is based on unreliable VE testimony. Tr. at 10. First, Plaintiff points out that all the forms she completed in connection with her DIB all state that her past relevant work was as a press operator. Pl.'s Br. at 11. For example, Plaintiff points out that the Work History Report she completed states that she worked as a press operator from February 1981 to July 2002. Pl.'s Br. at 11 (citing Tr. at 46). Plaintiff also notes that her Disability Report Appeal form states that her past relevant work was as a press operator. Pl.'s Br. at 11 (citing Tr. at 80). Second, Plaintiff further notes that in both of these forms, she described her past relevant work as requiring her to stand for five hours, walk for five hours, and lift weights up to 50 pounds. Pl.'s Br. at 12 (citing Tr. at 46, 80). Plaintiff argues that Social Security Ruling ("SSR") 82-62 states "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." Pl.'s Br. at 12. Because the regulations describe medium work as having to lift no more than 50 pounds and light work as having to lift no more than 20 pounds, Plaintiff claims her past work was medium in exertion. Pl.'s Br. 12 (citing 20 CFR § 1567(c)). Plaintiff also indicates that the VE's testimony is unreliable because the VE testified that Plaintiff's past work is light in exertional demand even though one of the occupations named by the VE is described by the DOT as being medium in exertional demand. Pl.'s Br. at 11-13. Thus, Plaintiff argues that the ALJ mischaracterized her past work as light in exertion and that the ALJ did not properly resolve these inconsistencies. *Id*.

The ALJ did not mislabel Plaintiff's past relevant work because Plaintiff testified that her past work involved explosives assembly. Tr. at 281-82.

Plaintiff testified as follows in response to questions regarding her past relevant work:

Q       What, what specifically was your job?

A       I was an assembler.

Q       What were you assembling?

A       Oil fuel products, explosives, explosives.

Q       Explosives?

A       Yes, sir.

Q       There is indication that you were a press operator.

A       Yes, sir.

Q       What kind of press were you operating?

A       Just a automatic press. You, not automatic, manual.

Q       Yeah.

A       You, you, we had containers and we would put explosive components inside these containers, and then we would put them under the press, and we would pull levers, and then we would unassemble this dye and take this product out of it, and then we would o-ring and cap it and package it.

Tr. at 281-82. The ALJ asked the VE, "Could you please define the exertional demands and the school requirements of the work that she performed in the oil fuel production industry, making explosives." *Id*. at 296. The VE testified that "[t]here are a number of different titles in the DOT that would be appropriate" to characterize her past relevant work. *Id*. at 296. The VE identified explosive operator, production assembler, fuse assembler, and shell assembler. *Id*. at 296. The VE testified that all of these titles are identified by the Dictionary of Occupational Title ("DOT") as light

12

work, with the exception of shell assembler, which is identified by the DOT as being medium work.[1] *Id*. at 296; *See* DOT § 737.684-038. Although Plaintiff indicated that she infrequently lifted up to 50 pounds and, one out of the four DOT titles identified by the VE is a medium exertional position, three out of the four jobs identified by the VE based on the DOT describe Plaintiff's past relevant work to be light in exertion. Tr. at 296. It is fair to say that Plaintiff's past work is light in exertional demand as it is generally performed in the national economy. *See* SSR 82-61 (DOT "descriptions can be relied upon . . . to define the job as it is usually performed in the national economy. It is understood that some individual jobs may require somewhat more or less exertion than the DOT description."). Even more, Plaintiff agreed with the VE's testimony describing Plaintiff's past work. Tr. at 297. Therefore, the VE correctly identified Plaintiff's past work.

Furthermore, even if Plaintiff is not able to lift up to 50 pounds, this inability does not mean that Plaintiff is not able to perform her past relevant work. "The mere inability of a claimant to perform certain requirements of [her] past job does not mean that [she] is unable to perform past relevant work as that phrase is used in the regulations; rather, the Commissioner may also consider the description of the claimant's past work as such work is generally performed in the national

---

1. The Commissioner points out that the DOT also includes the light level job of detonator assembler which is described very similarly to Plaintiff's description of her past relevant work. Def.'s Br. at 10. According to the DOT, a detonator assembler:

> Loads and assembles component parts of shell detonators, performing any combination of following duties: Loads detonator cup with explosives, such as black powder and tetryl, using power press. Inserts loaded cup in detonator holder and screws holder into detonator head. Assembles head with activating mechanisms, that start explosion of shell when it strikes. Gauges completed detonator for length.
> *GOE: 06.04.23 STRENGTH: L GED: R2 M1 L1 SVP: 2 DLU: 77*

DOT § 737.687-038.

13

economy." *Leggett*, 67 F.3d at 564-65 (internal quotation and citation omitted); *see also* SSR 82-61 ("[I]f the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'"); *see e.g.*, *Kleintop v. Massanari*, No. 3:00-CV-2053-BD, 2001 WL 1516740, at *5 n.3 (N.D. Tex. Nov. 26, 2001) (Kaplan, M.J.) (affirming ALJ's finding that claimant could perform past relevant work even though ALJ relied on DOT to define the job as it is nationally performed in the economy). Therefore, the VE's testimony is not unreliable in this respect.

In sum, "[t]he record contains sufficient evidence to support the Commissioner's finding that [Plaintiff] is capable of performing [her] past relevant work . . . as that position is generally performed in the national economy." *Id*. If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez*, 64 F.3d at 173. Even though it is not sufficient for an ALJ to conclude, on the basis of the generic classifications of previous jobs and claimant's RFC, that claimant can return to claimant's previous work, "[p]rocedural perfection in administrative proceedings is not required . . . unless the substantial rights of a party have been affected." *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *see also Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994) ("The ALJ may not rely on generic classifications of previous jobs."). Here, there is no prejudice because there is substantial evidence for the ALJ's step 4 disability finding. Furthermore, to the extent that there are any "conflicts in the evidence, . . . [they] are to be resolved by the [commissioner], not by the courts. The reviewing court is not permitted to substitute its judgment for that of the [commissioner], even if the reviewing court finds that the evidence preponderates toward a wholly different finding."

*Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (citations omitted). Therefore, the VE's testimony is not unreliable and the Commissioner's decision should not be reversed on this basis.[2]

### Hypothetical Question

Finally, Plaintiff asserts the ALJ's decision was not supported by substantial evidence because he did not ask a hypothetical question to the VE. Pl.'s Br. at 15. Plaintiff contends that "when the ALJ does not reasonably incorporate all of the Plaintiff's recognized impairments into the hypothetical question, then the hypothetical question is defective." *Id.* (citing *Bridges v. Comm'r of Social Sec. Admin.*, 278 F. Supp. 2d 797, at 806-07 (N.D. Tex. 2003)). Plaintiff further argues that "failure to ask a hypothetical question to the VE is the equivalent of a defective hypothetical question and is reversible error." Pl.'s Br. at 16. Defendant contends that a hypothetical question is not required in this case because Hernandez's non-disability was determined at step four of the sequential evaluation in which the ALJ determined Plaintiff could perform past relevant work. *Id*.

The ALJ does not have to ask a hypothetical question to the VE since VE testimony is not a prerequisite for the ALJ to determine that a claimant is not disabled at step four of the sequential evaluation process. *Harper*, 887 F.2d at 97. At step four, the ALJ is only required to determine whether claimant could perform her past relevant work, without regard to her age, education, or

---

2. Plaintiff also points out that the VE never identified specific DOT codes for the DOT titles that the VE identified. Pl.'s Br. at 11. Plaintiff does not point to any authority in support of her position that the VE should have identified the DOT codes that accompany the DOT titles that the VE listed. Furthermore, even if the VE was required to do so, "[p]rocedural perfection in administrative proceedings is not required." *Mays*, 837 F.2d at 1364. A procedurally imperfect administrative ruling should not be overturned unless the substantive rights of a party have been prejudiced. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); *Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. 1997). Since substantial evidence supports the ALJ's decision, "[r]emanding this case . . . would produce the same result while wasting time and resources." *Mays*, 837 F.2d at 1364.

15

work experience. 20 C.F.R. §§ 404.1560, 416.960(b). Although VE testimony is not required, "the ALJ may appropriately rely on such testimony in determining that a plaintiff's limitations do not prevent performance of her past relevant work." *Leggett*, 67 F.3d at 564-65. Therefore the ALJ's failure to ask a hypothetical question to the VE is not a reversible error when non-disability is determined at Step Four of the sequential evaluation. *See Harper*, 887 F.2d at 97 ("The ALJ correctly did not apply the medical-vocational guidelines as they are to be applied only when it is found that the claimant is incapable of performing past relevant work.").

In this case, the ALJ determined that Plaintiff was still able to perform her past occupation as an explosives assembler, based on the ALJ's review of the medical and objective evidence of the record, as well as Plaintiff's hearing testimony and that of the VE's and the Plaintiff's husband. Tr. at 280-302. The ALJ relied on the VE's testimony to confirm the exertion level and skill level of Plaintiff's occupation. *Id*. at 295-96. Because the general exertion level of Plaintiff's past work was considered light in exertional demand and semi-skilled in nature, the ALJ concluded that Plaintiff's physical limitations did not preclude her from performing her past occupation. *Id*. Further, Plaintiff was given the opportunity to correct any deficiencies in the VE's characterization of her past work. *Id*. at 297. Plaintiff argues that the ALJ's failure to ask a hypothetical question did not give Plaintiff the opportunity to correct any deficiencies in the VE's testimony regarding Plaintiff's past relevant work. Pl.'s Br. at 16. However, the ALJ specifically asked Plaintiff if she agreed with the VE's testimony regarding Plaintiff's past work in which Plaintiff responded that the VE's testimony was right. Tr. at 297. Therefore, VE testimony was a proper basis for the ALJ to determine that Plaintiff could perform light work. *Id*. at 295-97. Thus, because the ALJ is not required to give a hypothetical question, the Commissioner's decision should not be reversed on this basis.

## RECOMMENDATION

In light of this Court's extensive review of the record in this case, this Court hereby finds that substantial evidence supports the Commissioner's decision. Therefore, this Court recommends that the final decision of the Commissioner be affirmed.

It is so recommended. July 30, 2007.

                                                                                       
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).